**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:17-CR-00015 |
| v. | |
| DAHVEED DEAN, | (JUDGE CAPUTO) |
| Defendant. | |

### **MEMORANDUM**

Defendant Dahveed Dean, formerly an inmate at USP Canaan in Waymart, Pennsylvania, was charged with assault of a corrections officer in violation of 18 U.S.C. § 111(a)(1) and (b) on January 31, 2017. (Doc. 1). Presently before me are a number of pre-trial motions Dean has filed: (1) motions for disclosure pursuant to Federal Rules of Evidence 404(b), 609, and 807, and Federal Rule of Criminal Procedure 16(a)(1)(G) (Docs. 64, 66, 76); (2) a motion for inspection pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) (Doc. 82); (3) a motion for early Jencks Act disclosure (Doc. 70); (4) motions for certification, the production of memorializations of any Government interviews, the names and addresses of all witnesses the Government intends to call at trial, and all *Brady* and *Giglio* material (Docs. 73, 78); and (5) motions in limine to preclude the Government's use at trial of "BOP Restraints Check Forms" and a "Discipline Hearing Officer Report for possession of a controlled substance" (Docs. 80, 84). The Government responded to all the motions in an omnibus opposition brief, and argues that all the motions should be denied. (Doc. 97). Dean did not file a reply. The motions are thus ripe for review.

1. Motions for Disclosure under Federal Rules

First, Dean moves for disclosure of any evidence the Government intends to introduce at trial that would implicate Federal Rules of Evidence 404(b), 609, and 807, and Federal Rule of Criminal Procedure 16(a)(1)(G). (Docs. 64, 66, 76).

As for the motions regarding Rules 807 and 16(a)(1)(G), the Government represents that it does not intend to introduce any hearsay statements by way of Rule 807 at trial, nor any expert testimony which would implicate Rule 16(a)(1)(G). (Doc. 97 at 2, 8). And the

Government acknowledges that if it plans to do so, it is obligated to comply with the requirements set forth in those rules. (*Id.*). Dean has not contested the Government's representations. Accordingly, the motions requesting disclosure of evidence implicating Fed. R. Evid. 807 and Fed. R. Crim. P. 16(a)(1)(G) will be denied without prejudice. *See United States v. Li*, No. 3:16-CR-00194, 2018 WL 1299724, at *4 (M.D. Pa. Mar. 13, 2018).

Dean's motion relating to Rules 404(b) and 609 will also be denied without prejudice. The Government, in its opposition brief, explains that it intends to introduce evidence of Dean's prior felony convictions on cross-examination should he testify. (Doc. 97 at 2-3). Beyond that, the Government represents it does not plan to present any other Rule 404(b) or 609 evidence, but will comply with those Rules should that change. (*Id.*). Assuming the Government is referring to convictions older than ten years—the only convictions for which the notice rule applies, *see* Fed. R. Evid. 609(b)—the Government's statement in its brief does not constitute sufficient notice. *Cf. United States v. Demasi*, No. CRIM. 12-197, 2013 WL 690531, at *2 (W.D. Pa. Feb. 25, 2013) (notice sufficient where charges and dates of conviction provided). However, both Rule 609(b)(2) and 404(b)(2) require only reasonable advance notice be provided, typically, around ten days prior to trial. *Id.* (ten days' notice ordered for Rule 609(b) disclosure); *United States v. Morris*, No. 07-72, 2008 WL 4154846, at *3 (W.D. Pa. Sept. 9, 2008) (seven to ten days' notice generally sufficient under Rule 404(b)). Since that time has not yet come, and given the Government's acknowledgment it will comply with Rules 609 and 404(b), Dean's motion will be denied without prejudice. *See Li*, 2018 WL 1299724, at *3-4.

2. <u>Motion for Inspection</u>

Next, Dean moves pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) for "an Order directing the Bureau of Prisons to allow Defense Counsel and a photographer access to the area of the alleged assault" for purposes of inspection. (Doc. 82). The Government does not oppose the motion, and represents it "will assist in facilitating this request." (Doc. 97 at 12). Given that Rule 16(a)(1)(E) directs Dean to request inspection from the Government, and given that Dean has not contested the Government's

2

representation, Dean's motion will be denied without prejudice.

3. <u>Motion for Jencks Act Disclosure</u>

Dean next moves for "early and complete disclosure" of all Jencks Act material. (Doc. 70). The Government responds that the Act, 18 U.S.C. § 3500, precludes district courts from ordering early disclosure. (Doc. 97 at 4-6). I agree with the Government. To the extent Dean requests material covered only by the Act (and not, for instance, *Brady* or *Giglio*), the Act's plain language prohibits a court from compelling pre-trial disclosure of that material. *United States v. Murphy*, 569 F.2d 771, 773-74 (3d Cir. 1978); *United States v. Johnson*, 218 F. Supp. 3d 454, 459 n.3 (W.D. Pa. 2016). Dean's motion will therefore be denied without prejudice.

4. <u>Motions for *Brady, Giglio*, and other Disclosures, and for Certification</u>

Dean also moves for three categories of evidentiary disclosures: (1) any and all *Brady* and *Giglio* material (Doc. 78 at 1); (2) the names and addresses of all Government witnesses (*id.*); and (3) any memorializations of interviews taken by the Government (Doc. 73). The Government responds that it: (1) has no *Brady* or *Giglio* material, but will timely produce such material should it arise (*see* Doc. 97 at 5-6, 9); (2) has already identified most, if not all, of the witnesses it intends to call, but will nevertheless timely identify all witnesses and provide all prior statements before trial (*id.* at 8-9); and (3) is not aware of any such memorializations, has already produced them, or will timely produce them in accordance with its discovery obligations (*see id.* at 6-7). Dean has not disputed the Government's averments. Considering that, and "in light of the Government's representation that it will continue to comply with its disclosure obligations," Dean's motions for evidentiary disclosures will be denied without prejudice. *United States v. Li*, No. 3:16-CR-194, 2017 WL 590275, at *4 (M.D. Pa. Feb. 14, 2017) (citing *United States v. Manfredi*, No. 07-352, 2008 WL 2622901, at *4 (W.D. Pa. June 27, 2008)).

Additionally, Dean moves for a certification "that the requirements outlined in Deputy Attorney General W. Ogden's [January 2010] memorandum" have been followed. (Doc. 78 at 2). The Government argues in response that the request for certification must be denied,

3

because the memo cannot be "enforced" by motion as it does not "create or confer any rights, privileges or benefits"—it merely provides guidance to United States Attorneys in exercising their discretion. (*Id.* at 10-11). I agree with the Government. The memo "does not create any additional enforceable rights for defendants." *United States v. Con-Ui*, No. 3:13-CR-123, 2016 WL 4140520, at *4 (M.D. Pa. Aug. 4, 2016). Therefore, Dean's motion, to the extent it requests certification of compliance with the Ogden memo, will be denied.

5.  <u>Motions in Limine</u>

Finally, Dean moves to exclude from evidence (1) a "BOP Restraints Check Form," on which prison staff recorded his "obscene language, 'cursing and yelling,' 'spitting at a door,' [and] 'kicking a door'" for a period of two days immediately after his alleged assault (Doc. 80) and (2) a "Discipline Hearing Officer Report for possession of a controlled substance" on the date of the alleged assault, which records that Dean "was subject to a random patch search and had on his person a substance which tested positive for amphetamines and received discipline" (Doc. 84). Dean argues these documents are irrelevant and, if not irrelevant, substantially more prejudicial than probative: what happened after the alleged assault and the fact Dean was disciplined for possession of a controlled substance have no bearing on whether the assault occurred. (*See* Doc. 86). With regard to the BOP Restraints Check Form, the Government concedes "the relevance of [Dean's] statements is unclear," and represents it "does not intend to offer them in its case in chief." (Doc. 97 at 12). And as for the Discipline Hearing Officer Report, the Government "has no intent to offer [it] as evidence in its case in chief. Nor does [it] intend to offer any evidence that the disciplinary action related to [Dean's] possession of a controlled substance." (*Id.* at 13). The Government does, though, intend to elicit testimony that Dean was about to receive an unfavorable decision during a disciplinary proceeding (without mentioning the amphetamines) and struck a corrections officer out of anger. (*Id.*).

Seeing as the Government represents it does not intend to introduce the challenged documents into evidence, there is no need for me to rule on their admissibility at this time. *See, e.g., United States v. Wilmington Tr. Corp.*, No. CR 15-23-RGA, 2017 WL 4480787,

4

at *8 (D. Del. Oct. 6, 2017) (reserving decision on admissibility of evidence which the Government indicated it would not introduce yet reserved the right to introduce). Dean's motions in limine will therefore be deferred until the time of trial.

For the above stated reasons, all of Dean's motions will be denied without prejudice—with the exception of his motions in limine, which will be deferred to the time of trial.

An appropriate order follows.

June 12, 2019  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge