**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES,** : | |
| : | **3:17-CR-15** |
| **v.** : | |
| : | **(JUDGE MANNION)** |
| **DAHVEED DEAN,** : | |
| **Defendant** : | |

## **MEMORANDUM**

### **I.   BACKGROUND**[1]

On January 31, 2017, defendant Dahveed Dean, formerly an inmate at USP Canaan in Waymart, Pennsylvania, was charged in a one-count indictment with assault of a corrections officer in violation of 18 U.S.C. §111(a)(1) and (b). (Doc. 1). On February 10, 2017, Dean was arraigned and entered a plea of not guilty. Because Dean was serving a prior federal sentence, he was detained at the Lackawanna County Prison pending trial in this case, and he is currently confined there. (Docs. 12 & 13).

The court set a deadline of March 7, 2017 to file pre-trial motions and set a trial date of April 10, 2017. (Doc. 14).

---

[1] This case was originally assigned to the late Honorable A. Richard Caputo and was reassigned to the undersigned following his passing.

Subsequently, Dean filed several motions for extensions of time to file pre-trial motions, namely, 15 requests, and they were all granted by the court. Specifically, Dean's requests for extensions were granted and the deadline was repeatedly extended from March 7, 2017 through July 12, 2018.[2]

On July 12-14, 2018, Dean filed numerous pre-trial motions. (Docs. 64, 66, 76, 82, 70, 73, 78, 80 & 84). After being granted extensions of time, the government filed its opposition briefs to all of Dean's motions.

On June 12, 2019, the court issued a Memorandum and Order denying all of Dean's motions without prejudice, except for his motions *in limine*, (Docs. 80, 84 & 86), which the court deferred until the time of trial since the government indicated that it did not intend to introduce the challenged documents at trial but reserved the right to do so. (Docs. 98 & 99).

No action occurred on this case from June 12, 2019 through March 17, 2020, when this case was reassigned to the undersigned due to Judge Caputo's passing.

---

[2]The court notes that all of the above mentioned extensions of time which the court granted at the defendant's request, to file pre-trial motions, were upon a finding "that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant to a speedy trial." Also, it is clear that the time afforded by the court for filing pre-trial motions is excludable.18 U.S.C. §3161(h)(1).

Also, it is noted that no new trial date was set in the court's Orders granting Dean's motions for extensions of time, and the Orders largely indicated that a new trial date would be set after expiration of the pretrial motions period.

On June 22, 2020, the court conducted a status conference and discussed pending matters in the case, including the likelihood that Dean would be filing a motion to dismiss as a result of a Speedy Trial violation. (Doc. 100).

On August 4, 2020, the court issued a scheduling order stating that no motion to dismiss has been filed since the status conference as it was anticipated, and directing that if Dean intended to file a motion to dismiss for a Speedy Trial violation, he must file it by August 14, 2020. (Doc. 101).

On August 14, 2020, Dean filed, through his counsel, a motion to dismiss the indictment pursuant to the Speedy Trial Act ("STA"), 18 U.S.C. §3161. (Doc. 102).

After being granted extensions of time, Dean filed his brief in support of his motion on September 18, 2020. (Doc. 110).

The government also requested, and received, an extension of time, and filed its brief in opposition to Dean's motion to dismiss on November 25, 2020. (Doc. 114).

On December 9, 2020, Dean filed his reply brief. (Doc. 115).

## II.    DISCUSSION

Since the complete factual background of defendant Dean's criminal case is detailed in the briefs of the parties and are not contested, they are not fully repeated herein. (Doc. 110 at 5 & Doc. 114 at 1-2). Suffice to say that Dean was serving a prison sentence at USP Canaan after he was

3

convicted of bank robberies. He allegedly punched a correction officer at this prison on July 15, 2016, resulting in the instant charge of assault and impeding federal employees being filed against him on January 31, 2017. (Doc. 1). The indictment also alleged that Dean inflicted bodily injury on the correction officer.

Dean essentially argues that all of the time from the court's July 12, 2019 ruling on his pre-trial motions until, at least, June 22, 2020, when this court conducted the status conference, or until August 14, 2020, when he filed his instant motion, is not excludable time under the STA. Dean argues that his rights under the STA have been violated and, that his 6th Amendment rights have been violated by this undue delay. As such, Dean points out that his trial was not commenced within the requisite 70-day period and seeks the dismissal of the indictment with prejudice.

The government concedes that more than 70 days of non-excludable time have passed in this case without a trial being held. As indicated, it is clear that all of the time from June 12, 2019 through August 14, 2020, is not excludable time under the STA, which the government calculates to be "441 days of non-excludable delay."

The STA, 18 U.S.C. §3161(c)(1), provides as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, which ever date last occurs.

The time periods that are excludable from the speedy trial calculation are contained in §3161(h), which provides in pertinent part:

h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> > (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> >
> > (B) delay resulting from trial with respect to other charges against the defendant;
> >
> > (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

18 U.S.C. §3161(h)(1)(A), (B) and (D).

The time given for the filing of pre-trial motions is also excludable under 18 U.S.C. §3161(h)(1). *See* United States v. Erby, 419 Fed. Appx. 176, 179 (3d Cir. 2011) ("the amount of time set aside by a district court for the preparation and submission of pretrial motions is excludable 'delay resulting from other proceedings' under 18 U.S.C. §3161(h)(1), regardless of whether the time is granted *sua sponte* or pursuant to the defendant's request.") (citation omitted). Further, time is excludable under §3161(h)(7)(A) if the

court grants a motion filed by either party and finds "that the ends of justice served by granting this extension and continuance outweigh the interests of the public and the defendant to a speedy trial." *Id.*

Here, there is no dispute that a Speedy Trial Act violation has occurred. Thus, pursuant to the Speedy Trial Act, the charges against Dean must be dismissed due to the expiration of more than 70 non-excludable days. However, the issue is whether this case should be dismissed with or without prejudice.

If the 70-day deadline is not met, the STA provides that the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. §3162(a)(2). No doubt that "the defendant has the burden of proof supporting a motion claiming a Speedy Trial Act violation." United States v. Green, 471 F.Supp.3d 577, 587 (M.D. Pa. July 9, 2020) (citing 18 U.S.C. §3162(a)(2). Indeed, "[]the Speedy Trial Act admits no ambiguity in its requirement that when such a violation has been demonstrated, the information or indictment shall be dismissed on motion of the defendant." United States v. Curet, 2020 WL 6290509, *3 (M.D. Pa. Oct. 27, 2020) (internal quotations and citations omitted).

Additionally, §3162(a)(2), provides that if the STA is violated,

> [i]n determining whether to dismiss the case with or without prejudice [to the government's right to re-charge the defendant], the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

Dean contends that since 441 days are not excludable under §3161(h), the court should dismiss the indictment with prejudice. The government counters stating that any dismissal should be without prejudice to its right to immediately re-indict Dean. Both parties support their respective arguments by relying upon the factors contained in §3162(a)(2), but they arrive at different conclusions upon weighing the applicable factors.

As the court in U.S. v. Williams, 2021 WL 278306, *4 (M.D. Pa. Jan. 27, 2021, recently explained:

> "The Speedy Trial Act does not specify whether dismissal should be with or without prejudice, nor does it contain a default presumption one way or the other." United States v. Robinson, 389 F.3d 582, 586 (6th Cir. 2004). To determine whether the dismissal should be with or without prejudice, the court must consider, among other factors, "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. §3162(a)(2). "Where, as [in section 3162(a)(2)], Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review." United States v. Taylor, 487 U.S. 326, 336 (1988); United States v. Stevenson, 832 F.3d 412, 419 (3d Cir. 2016) (quoting Taylor, 487 U.S. at 336).

Moreover, the Third Circuit analyzes the presence or absence of prejudice to the defendant "as a component of the third statutory factor." *Id.* at *5.

First, the court considers the seriousness of the charge against Dean, namely, assaulting a corrections officer while Dean was an inmate confined

7

at USP Canaan. This factor "centers primarily on society's interest in bringing the particular accused to trial", and "[t]he logic behind this factor is intuitive: '[t]he graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence.'" Stevenson, 832 F.3d at 419–20 (internal citations omitted).

As the government explains, (Doc. 114 at 8-9), in its brief:

In this case, the charge against Dean is serious. He is charged with assaulting a corrections officer while serving a term of incarceration. *See, e.g.*, United States v. Martin, 16 F.App'x. 943, 946 (10th Cir. 2001) (finding that even threatening to assault a federal official is clearly a serious offense). The seriousness of the offense is compounded by Dean's lengthy criminal history. Dean is currently serving a sentence for multiple armed bank robberies, and, with prior convictions for burglary, battery, trespassing, drug possession, and drug trafficking, would likely be a Criminal History Category of VI if convicted. The maximum potential sentence is twenty years in prison. *See* United States v. Howard, 218 F.3d 556, 561 (6th Cir. 2000) (look to length of sentence to determine the seriousness of an offense).

Dean tries to minimize the seriousness of his felony charge by alleging that the officer only suffered relatively minor injuries requiring no medical treatment and that no weapons were involved, and by stating that "it is more an injury to the orderly functions inside a prison, than a physical injury or societal injury." Dean's contentions are not persuasive. The serious nature of Dean's charge is two-fold as the government aptly states: "First, the very existence of a felony criminal charge for assaulting a corrections officer, regardless of the severity of injury, reflects that Congress finds such conduct

8

serious enough to merit a twenty-year potential prison term"; and "Second, society's interests are absolutely injured when an officer, charged with maintaining order and security in a prison housing dangerous and violent offenders, is assaulted and impeded in his duties." (Doc. 114 at 9).

The court finds that the first factor clearly weighs in favor of dismissal without prejudice. *See* Williams, 2021 WL 278306, *6 (court held that even though defendant was not charged with any act of violence, based on "the fact that he was a repeat felon who is charged with serious offenses and faces a mandatory minimum of ten years", the first factor weighs in favor of dismissal without prejudice.). Here, Dean is charged with an act of violence and the indictment alleges that the officer was injured.

The second factor pertains to the facts and circumstances that led to dismissal of the charge, and " requires courts to consider the reasons for the delay." *Id.* In Stevenson, 832 F.3d at 420, the Third Circuit discussed the second factor and asked, "did [the delay] stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch in the prosecutorial process?" *Id.* (citing United States v. Cano-Silva, 402 F.3d 1031, 1036 (10th Cir. 2005) ("In determining whether the facts and circumstances warrant dismissal with prejudice we focus on the culpability of the conduct that led to the delay."); *see also* United States v. Blevins, 142 F.3d 223, 226 (5th Cir. 1998) ("Regarding the facts and circumstances leading to the dismissal, we look to whether the Government sought the resultant delays for ulterior purposes as well as whether the

9

Government's failure to meet deadlines was repetitive, regular, and frequent with respect to this defendant.")).

Further, "[g]overnmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh in favor of the government." Williams, 2021 WL 278306, *7 (quoting United States v. Robinson, 455 F.3d 602, 607 (6th Cir. 2006)).

There is no question that the government did not act intentionally or in bad faith to cause any delays in this case. The delay was largely caused by the inaction attributable to both parties after Judge Caputo decided Dean's pre-trial motions and until his death. No further motions were filed by either party and no requests to schedule any court proceeding were filed. In fact, as the government points out, "[n]either the government nor the defendant took any action to move the case to trial after the Court decided the pretrial motions, and that was the period during which the delay crossed the 70-day threshold."

Since the delay which caused the dismissal of the charge was caused by "neutral reasons such as negligence", the court finds that the second factor weighs in favor of dismissal without prejudice.

The third factor is the impact of a reprosecution on the administration of the STA and on the administration of justice. Dean alleges that he has been prejudiced by the delay of over one year. The government asserts that

10

Dean has failed to establish that he has suffered any specific prejudice. "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." Green, 471 F.Supp.3d at 593 (internal quotations and citations omitted). "[T]he strength of a defendant's efforts to assert his right 'will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences.'" Williams, 2021 WL 278306, *14 (citation omitted). Further, "the point at which the defendant asserts his right is important because it may reflect the seriousness of the personal prejudice he is experiencing." Id. (citations omitted).

Dean did not assert his right to a speedy trial until August 14, 2020, when he filed his motion to dismiss the indictment. Notably, even though his counsel indicated during the status conference on June 22, 2020, that Dean probably would be filing a motion claiming a STA violation, he waited for almost two months to actually file his motion. Then once filed, he requested extensions of time to file his brief and did not file it until September 18, 2020. Dean did not raise a speedy trial violation during the relevant 9-month period from June 12, 2019 through March 17, 2020, even though it appears that the 70-day period expired about August 21, 2019. Further, while there were undoubtedly delays in court proceedings due to the COVID-19 pandemic, as

11

Dean points out, these delays related to conducting trials and the pandemic had no effect on Dean's ability to file a motion to dismiss based on a violation of the STA, especially since he is represented by counsel. Based on these circumstances and the failure of Dean to assert his speedy trial rights sooner, there is some indication that he acquiesced in the delay.

The court finds that the administration of the STA and the administration of justice factor weighs in favor of dismissal without prejudice.

Thus, in balancing the factors, the charge against Dean is serious, there was no bad faith or intentional delay by the government, there has been no prejudice shown by Dean, and Dean took no action during the delay until well after the 70-period before he asserted his speedy trial right. Since no factor weighs in favor of dismissing the charge against Dean with prejudice, it will be dismissed without prejudice to allow the government to re-indict him unless the court finds a violation of his 6th Amendment rights.

Dean contends that the indictment should be dismissed for violation of his rights under the 6th Amendment. The court must address his 6th Amendment claim "since, if that claim is granted, he would be entitled to dismissal of the charges against him with prejudice." Green, 471 F.Supp.2d at 594 (citation omitted).

No doubt that under the 6th Amendment a defendant has "the right to a speedy and public trial." U.S. Const. amend. VI.

"When a defendant argues that his speedy trial rights [under the 6th Amendment] have been violated, the Court should employ a four-part

12

balancing test set forth in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to assess the merits of the claim." Green, 471 F.Supp.2d at 595 (citation omitted). The four factors identified the Supreme Court in Barker are: "[l]ength of delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* (citation omitted). Further, "[a]ll factors must be considered and weighed as no one factor is dispositive nor 'talismanic.'" *Id.* (quoting Hakeem v. Beyer, 990 F.2d 750, 759 (3d Cir. 1993)).

"[T]he length of delay 'is measured from the date of formal accusation, i.e., from the earliest date of arrest or indictment until the commencement of trial.'" *Id.* (citation omitted). Dean was indicted on January 31, 2017, and he was arraigned on February 10, 2017, plead not guilty and was detained since he was already serving a lengthy federal sentence, which he continued to serve through the entire period of the delay. As in Green, *id.* at 569, "this [first Barker] factor only slightly weighs in favor of [Dean] because it is closely entwined with [the second factor] the reason for the delay."

As to the second Barker factor, "the Government 'bears the burden to justify the delay.'" *Id.* (citation omitted). "A deliberate effort by the Government to delay the trial in order to hamper the defense weighs heavily against the Government." *Id.* (citation omitted). "A more neutral reason such as negligence or overcrowded courts also weighs against the Government, though less heavily." *Id.* (citation omitted). "Finally, a valid reason, such as a

13

missing witness, should serve to justify appropriate delay." *Id.* (citation omitted).

In this case, there is 441-day non-excludable delay. The court finds that the delay was based more on negligence after Judge Caputo ruled on Dean's pre-trial motions until the status conference was held by the undersigned in June 2020. However, as discussed, Dean contributed to the delay by not filing his motion asserting that his rights under the STA were violated in a timelier manner. Also, as the government points out, "the non-excludable total [delay] of 441 days is far fewer than the 839 days attributable to the defendant's [request for extensions and pre-trial] motions." (Doc. 114 at 15). Thus, "the Court concludes that the second Barker factor, reason for the delay, weighs against Defendant in light of the excludable time attributable to his numerous pretrial motions." Green, 471 F.Supp.3d at 598.

With respect to the third Barker factor, the defendant's assertion of his right to a speedy trial, as the court in Green, *id.*, explained:

> Whether and how a defendant asserts his right [to a speedy trial] is closely related to the other Barker factors. Thus, the strength of a defendant's efforts to assert his right will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The point at which the defendant asserts his right is important because it may reflect the seriousness of the personal prejudice he is experiencing.

(internal quotations and citations omitted).

14

The government states that "Dean did not assert his right until [August 14, 2020], [14 months] after the pre-trial motions were decided, and only after a status conference with the Court and an order directing him to file the motion." (Doc. 114 at 16). As discussed, the court has found that Dean delayed in asserting his speedy trial rights, and "[t]o the extent that promptness in asserting the right is important, then [a defendant's] silence ... works against him because it suggests that any hardships he suffered were either minimal or caused by other factors." *Id.* at 599 (citation omitted). "Because [Dean] did not promptly assert his right to a speedy trial [], this [third Barker] factor does not weigh in his favor." *Id.*

The fourth Barker factor is prejudice to the defendant, and "the burden of showing prejudice lies with the individual claiming the violation." *Id.* (citation omitted).

The court in Williams, 2021 WL 278306, *15, summarized the prejudice factor by detailing the three interests which the Supreme Court in Barker, 407 U.S. at 532-33, identified:

> (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.

15

In Williams, 2021 WL 278306, *16, the court stated that a defendant can establish prejudice in two ways, "[f]irst, he can make a specific showing that he was subject to 'oppressive pretrial incarceration,' that he suffered 'anxiety and concern' about the impending trial, or that his defense was impaired as a result of the delay", and "[s]econd, a defendant can claim prejudice without providing 'affirmative proof of particularized prejudice' based on 'excessive delay [which] presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify.'" (internal citations omitted).

As to the first way to show prejudice, there is no prejudice to Dean due to pre-trial detention since he was already in prison serving another federal sentence due to his armed robbery convictions. Nor can Dean establish any prejudice resulting from anxiety and concern during his pre-trial incarceration in light of the fact that he was serving the lengthy federal sentence during the entire delay in this case. Dean's alleged anxiety caused by the delay is insufficient since "[p]rejudice resulting from anxiety and concern cannot be based solely on a general claim of anxiety." Green, 471 F.Supp.3d at 601. In fact, Dean's projected release date regarding his other federal sentence is not until June 21, 2032. Dean still has over 11 years to serve on his current sentence. Thus, any continued restraints on Dean's liberty and any alleged anxiety were not caused by any delay in this case.

Dean contends that the delay has caused an impairment of his defense. Dean generally claims that "the delay affects witness memory and

passage of time from access to the scene of the alleged occurrence … hampers [his] ability to assist counsel in his defense." (Doc. 110).

"To establish that his defense was specifically prejudiced by the delay, a defendant cannot rely on general allegations." Williams, 2021 WL 278306, *17. (citation omitted). "Speculative and conclusory assertions cannot satisfy a defendant's burden of showing specific prejudice due to impairment of his defense: where there has been the recognition of 'the possibility of impairment of a fair trial that may well result from the absence or loss of memory of witnesses in this case[,] ... [t]hat possibility of prejudice is not sufficient to support [the defendants'] position that their speedy trial rights were violated." *Id.* (citation omitted).

Despite the 441-day delay, the court finds that Dean's ability to defend himself is unimpaired. The courts also finds no prejudice to Dean if he is re-indicted since this case is not complex and his alleged fear that witnesses' memories of the alleged assault have faded is not convincing. Dean is obviously a witness to the alleged assault and he does not claim that his memory has faded. Also, Dean fails to name any potential witness who may not be able to remember the incident due to the delay. Rather, he merely speculates that there may be some memory issues caused by the delay. Nor does he claim any evidence has been lost or that his trial preparation has been hindered by the delay. Further, the issue in this case is simple, i.e., whether Dean punched the corrections officer as alleged in the indictment or not.

17

Next, the court addresses whether the "presumption of prejudice" applies to this case, i.e., "the delay was long enough to presume that the defendant's trial would be compromised and he would be prejudiced by the delay." *Id.* at *18. Here, the delay is a little over 14 months, i.e., 441 days. "In United States v. Shaw, 891 F.3d 441, 455 (3d Cir. 2018), the Third Circuit assumed *arguendo* that [a delay of] twenty-seven months could be sufficient to find presumptive prejudice." *Id.* The delay in this case is less than those held to be presumptively prejudicial and it is within the period found insufficient in Hakeem, 990 F.2d at 764, (i.e., fourteen and a half months), to be presumptively prejudicial. *Id.* Thus, delay in this case is less than those held to be presumptively prejudicial.

Nonetheless, Dean urges the court to find presumptive prejudice. Even assuming *arguendo* that the delay in this case is presumptively prejudicial, the court must address "whether the presumption is mitigated by a showing that Defendant acquiesced in the delay or by the Government's affirmative proof that Defendant's ability to defend himself is unimpaired." *Id.* (citation omitted). "[W]here a defendant relies on a presumption of prejudice to establish the fourth Barker factor and identifies a delay of sufficient duration to be considered presumptively prejudicial, the presumption of prejudice can be mitigated by a showing that the defendant acquiesced in the delay, or can be rebutted if the Government affirmatively prove[s] that the delay left [the defendant's] ability to defend himself unimpaired." *Id.* (internal quotations and citations omitted).

18

As discussed above, the court has found that Dean waited a prolonged period to assert his speedy trial right and that Dean's ability to defend himself against the single assault charge has not been impaired. *See* Williams, 2021 WL 278306, *18 (court found that even though the delay was more than the 27 months deemed sufficient to find presumptive prejudice, the presumption was mitigated since defendant acquiesced in delay by not filing his speedy trial motion to dismiss "until long past the time when such a motion could have been appropriately filed."). "Because [Dean] did not file the pending motion until long past the time he could have done so, this factor does not weigh in favor of finding a Sixth Amendment speedy trial violation." Williams, 2021 WL 278306, *14. Thus, assuming *arguendo* that the 14-month delay in this case is presumptively prejudicial, this factor does not weigh in favor of the defendant.

Therefore, in balancing the Barker factors, the court finds that Dean's 6th Amendment speedy trial right has not been violated.

## III. CONCLUSION

The court finds that Dean's speedy trial rights have been violated and his motion to dismiss the indictment will be granted for violation of the Speedy Trial Act. Dean's claim that his 6th Amendment speedy trial right has been violated will be denied. Despite the Speedy Trial Act violation, based on the facts of this case and considering the factors specified in 18 U.S.C.

§3162(a)(2), the indictment will be dismissed without prejudice to the government's right to re-indict Dean.[3]

Accordingly, Dean's motion to dismiss the indictment, **(Doc. 1)**, for violation of his rights under the STA, pursuant to 18 U.S.C. §3162(a)(2), **(Doc. 102)**, is **GRANTED**. The dismissal of the indictment filed against Dean is **WITHOUT PREJUDICE** to the government's right to re-indict Dean. Dean's motion to dismiss based on his claim of a 6th Amendment speedy trial right violation is **DENIED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 8, 2021**
17-15-01

---

[3]The court will direct the government to re-indict Dean within 30 days of the date of its Order, if it chooses to re-prosecute Dean.